UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TOTTEN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HAWORTH IRRIGATION, *et al.*, <br><br> Defendants. <br> _____/ | No. C-03-1399 CW (EMC) <br><br> **ORDER RE BRIEFING AND EVIDENCE RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** <br> **(Docket No. 53)** |

    Previously, the Court issued an order instructing Plaintiffs to provide supplemental evidence in support of their motion for default judgment by July 8, 2005. Although Plaintiffs did not file this evidence until July 21, 2005, the Court shall consider the evidence in the interest of justice and in the absence of any prejudice to Defendants.

    Having considered Plaintiffs' supplemental evidence, the Court hereby orders Plaintiffs to provide further briefing and/or evidence providing *exact and detailed calculations* to demonstrate how they arrived at the amount of unpaid contributions. Based on the Court's review of the supplemental evidence, there seem to be problems with the final sums reached by Plaintiffs regarding unpaid contributions.

    For example[1]:

    Exhibit E of the Bonida declaration indicates that, for the year 1999, there were 2,261 hours accumulated, and all in December 1999. *See* Bonida Decl., Ex. E. However, based on the Court's

---

[1] The examples provided below are illustrative only and not exhaustive.

1  review of the Quality Landscaping invoices, hours were accumulated throughout the various months
2  of the year.  This is important because, from January 1999 to June 27, 1999, the total fringe benefit
3  rate was $7.03 per hour, *see id.*, Ex. A; Bonida Supp. Decl., Ex. A, whereas from June 28, 1999,
4  through December 1999, the total fringe benefit rate was $7.44 per hour.  There is a similar problem
5  for the year 2000.  *See* Bonida Decl., Ex. E (indicating that, for the year 2000, there were 4,983 hours
6  accumulated, and all in December 2000).

7  Exhibit E of the Bonida declaration indicates that, for the year 1999, there was a total of
8  2,261 hours accumulated.  *See id.*  However, this does not appear to match the number of hours
9  reflected in the Quality Landscaping invoices for 1999.

10  Exhibit E of the Bonida declaration indicates that there was a total of 6,636.5 hours
11  accumulated for 2001.  *See id.*  Unfortunately, the exhibit does not separate out the hours
12  accumulated from Quality Landscaping and the hours accumulated from the Salinas High School
13  District, which makes it difficult for the Court to determine whether the total number of hours for
14  2001 as calculated by Plaintiffs is correct.  Furthermore, Exhibit E of the Bonida declaration
15  indicates, *e.g.*, that no hours were accumulated from March to May 2001 and that 5,127.5 hours were
16  accumulated in December 2001, but that does not seem in accord with the invoices submitted by
17  Plaintiffs.  Again, this is important because different fringe benefit rates apply to different time
18  periods.  In addition, Plaintiffs calculated at least some of the hours done for the Salinas Union High
19  School District using estimates; however, Plaintiffs have provided no authority as to whether they
20  may satisfy their burden of proof regarding damages with estimates only.  Moreover, even if
21  Plaintiffs could use estimates, Plaintiffs have not demonstrated how the estimates they used were
22  reasonable.  *See* Bonida Supp. Decl. ¶ 9 ("I have estimated 33% of total costs are attributable to
23  labor.").

24  Accordingly, the Court hereby VACATES the August 24, 2005, hearing on Plaintiffs' motion
25  for default judgment and orders Plaintiffs to provide exact and detailed calculations supporting their
26  claim for unpaid contributions.  Plaintiffs should do the same for any other element of damages
27  requested (*e.g.*, interest under ERISA, liquidated damages under ERISA, post-judgment interest).
28  Supplemental briefing and/or evidence shall be filed and served by August 19, 2005.

In concluding, the Court emphasizes that it is Plaintiffs' burden to prove their damages and that it is not for the Court to guess at how Plaintiffs arrived at their final damages calculation. Nor is it for the Court to do all of the calculations independently without specific guidance as to how Plaintiffs determined their final damages. Exhibit E of the Bonida declaration is insufficient. The Court suggests that Plaintiffs may be able to assist the Court by providing it with tables or charts showing the exact and detailed calculations so that the Court is not burdened a third time in trying to ascertain the proper amount of damages.

IT IS SO ORDERED.

Dated: July 27, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge