IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CFA NORTHERN CALIFORNIA, INC., | No. C 04-5049 CW |
| Plaintiff, | ORDER GRANTING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT AND DENYING MOTION TO TRANSFER VENUE |
| v. | |
| CRT PARTNERS, LLP; CLAIRE THOMAS; and ROBERT CAMPBELL, | |
| Defendants. | |

Defendants move to dismiss Plaintiff's second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). In the alternative, Defendants move for an order transferring this action to the District of Arizona. Plaintiff opposes the motions. Having considered the parties' papers and the evidence cited therein, the Court grants Defendants' motion to dismiss the claims against Defendant Robert Campbell, denies their motion to dismiss the claims against Defendant CRT Partners, LLP, and Defendant Claire Thomas and denies Defendants' alternative motion to transfer venue.

BACKGROUND

As described by the Court in its previous order, CFA Northern

Cal., Inc. v. CRT Partners, LLP, 378 F. Supp. 2d 1177 (N.D. Cal. Jun. 21, 2005), granting in part Defendants' motion to dismiss and denying Defendants' motion to transfer venue, Plaintiff CFA Northern California, Inc. is a California corporation having its principal place of business in California.  Defendant CRT Partners, LLP (CRT) is an Arizona limited liability partnership having its principal place of business in Arizona.  Defendants Claire Thomas and Robert Campbell are residents of Arizona.

On November 30, 2004, Plaintiff filed the original complaint and on March 31, 2005, Plaintiff filed an amended complaint alleging (1) breach of contract, (2) unjust enrichment, (3) conspiracy to defraud and (4) fraud, and claiming attorney's fees.  On April 22, 2005, Defendants filed a motion to dismiss the amended complaint; Plaintiff opposed that motion.

On June 24, 2005, during oral argument, the Court granted Plaintiff leave to file a second amended complaint alleging that its principal, Paul J. Johnson, is a licensed real estate broker. Plaintiff filed its second amended complaint on July 7, 2005.  The second amended complaint alleges that Johnson is a licensed Real Estate Broker and that Plaintiff, through Johnson, holds a Real Estate Broker License; attached to the complaint are two real estate licenses issued to Plaintiff and Johnson by the State of California.  On July 20, 2005 -- one day before the Court issued its Order Granting in Part Defendants' Motion To Dismiss and Denying Motion to Transfer Venue -- Defendants filed this motion.

In its July 21, 2005 order, the Court ruled that its exercise of specific personal jurisdiction over Defendant CRT and Defendant

2

1  Thomas was reasonable and afforded them the process they are due.
2  The Court, however, ruled that it could not exercise jurisdiction
3  over Defendant Campbell based solely on his partnership in CRT and
4  therefore granted Defendants' motion to discuss the claims against
5  Campbell.  The Court denied the motion to dismiss for failure to
6  state a claim and the motion to transfer venue.

LEGAL STANDARD

I.  Personal Jurisdiction

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. In its previous order the Court described the legal standard for a motion to dismiss pursuant to Rule 12(b)(2).  See CFA Northern Cal., 378 F. Supp. 2d at 1182-84.

II.  Failure to State a Claim

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  The Court described this standard in its previous order.  See id. at 1184.

III.  Venue

If the Court determines that venue is improper in the Northern District of California, it must dismiss or transfer the case. 28 U.S.C. § 1404(a).  The Court also described this standard in its previous order.  See id. at 1184-85.

3

DISCUSSION

I.   Personal Jurisdiction

Defendants urge the Court to revise its previous ruling regarding personal jurisdiction, yet Defendants provide no new arguments or facts.  Instead, Defendants incorporate by reference their arguments regarding personal jurisdiction set forth in their April 22, 2005 motion -- the same arguments addressed by the Court in its June 21, 2005 order.  The Court will not revise its previous ruling.  Thus, based on the reasoning set forth in the June 21, 2005 order, the Court rules that it does not have jurisdiction over Defendant Campbell, but does have specific personal jurisdiction over Defendant CRT and Defendant Thomas.  See CFA Northern Cal., 378 F. Supp. 2d at 1885-87.

II.   Failure to State a Claim

Defendants continue to assert that Plaintiff has failed to state a claim upon which relief can be granted.  Defendants argue that Arizona law requires Plaintiff to have an Arizona real estate broker's license to perform the contract between Plaintiff and CRT because the restaurants for sale were situated on leased land, and the proposed sale of the business was ancillary to or contingent on the re-negotiation of these leases.  Plaintiff has a California -- not Arizona -- real estate broker's license, and Defendants therefore contend that the contract is illegal and cannot be enforced.

Arizona Revised Statutes section 32-2101(47)(n)(2004) states that a real estate broker's license is required by a person other than a salesperson who "[e]ngages in any of the acts listed in

4

subdivisions (a) through (m) of this paragraph for the sale or lease of other than real property if a real property sale or lease is a part of, contingent on or ancillary to the transaction." Subsection (i) lists "[a]ssists or directs in the procuring of prospects, calculated to result in the sale, exchange, leasing or rental of real estate or timeshare interests" as one such act. Section 32-2163(B) provides that although an Arizona licensed broker may enter into a fee sharing arrangement with an out-of-state broker, an out-of-state broker is not permitted "to conduct activity in this state that would otherwise require a broker's license." See also A.R.S. § 32-2125.02(C) ("A non-resident licensee shall accept employment or compensation as a non-resident licensee only under Section 32-2155 and only from a broker who is actively licensed in the state."). And section 32-2152 requires a broker's claim for compensation to allege in the complaint that "the plaintiff was a qualified licensed broker or salesperson at the time the claim arose." Plaintiff, however, with its California real estate broker's license, is not a qualified licensed broker.

But as discussed in the Court's previous order, Plaintiff's amended complaint alleges that its contract with CRT excluded the leaseholds. Plaintiff therefore argues that any sale would have been conducted without a real estate transaction. The Court denies Defendants' motion to dismiss for failure to state a claim for the reasons explained in its previous order. See CFA Northern Cal., 378 F. Supp. 2d at 1187-89.

III. Venue

Defendants also provide no new facts or arguments demonstrating why the Court should alter its previous ruling on venue. For the reasons explained in its previous order, the Court denies Defendants' motion to transfer venue. See id. at 1889.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss the claims against CRT and Thomas and their alternative motion to transfer Venue (Docket No. 36). Defendants' motion to dismiss the claims against Defendant Campbell for lack of jurisdiction is GRANTED. As previously stated, however, if Plaintiff were to sue Defendant Campbell in Arizona, however, the Court would transfer this action there.

IT IS SO ORDERED.

Dated: 10/4/05

CLAUDIA WILKEN
United States District Judge